```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
JOSE SURIEL-BRITO,

                Plaintiff,              MEMORANDUM AND ORDER
                                        Case No. 18-CV-5685-FB-RML
        -against-

WALTER JACKSON and KRIELKAMP
TRUCKING, INC.,

                Defendants.
--------------------------------------------------x
```

*Appearances:*
For the Plaintiff:                      For the Defendants:
JAY A. WECHSLER                         KEVIN ZIMMERMAN
Wingate, Russotti, Shapiro & Halperin   JOHN LATELLA
420 Lexington Avenue, Suite 2750        Lewis Brisbois Bisgaard & Smith
New York, New York 10170                77 Water Street, 21st Floor
                                        New York, New York 10005

**BLOCK, Senior District Judge:**

In this diversity action, José Suriel-Brito alleges that Walter Jackson negligently backed into his vehicle at the intersection of 60th Street and Second Avenue in Sunset Park, Brooklyn. Pursuant to Federal Rule of Civil Procedure 56, Suriel-Brito moves for summary judgment on liability.

Suriel-Brito's motion is premised on section 1211(a) of New York's Vehicle and Traffic Law, which states that "[t]he driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other

1

traffic." "T[o] determine whether a driver breached that statutory duty, a court must look not only at the outcome of the driver's actions, but also whether the driver failed to act with safety, the standard set forth in § 1211(a)." *Castelluccio v. United States*, 2020 WL 5775167, at *1 (N.D.N.Y. Sept. 28, 2020) (citation, internal quotation marks and alterations omitted). Thus, the fact that Jackson was backing up when the accident occurred does not, standing alone, establish his negligence.

Undisputed evidence of "failure to take proper precautions before backing up" will establish the defendant's liability as a matter of law. *Portalatin v. City of New York*, 87 N.Y.S.3d 73, 75 (2d Dep't 2018). Here, however, the evidence is disputed. Jackson attests that he looked behind him before backing up his truck, saw Suriel- Brito's car stopped approximately five feet behind him, and had backed up only about two feet when the accident occurred. A jury could reasonably conclude from those facts that Jackson backed up "with safety."

Moreover, evidence of the plaintiff's comparative fault will defeat his entitlement to summary judgment on liability. *See Singh v. Thomas*, 978 N.Y.S.2d 865, 866 (2d Dep't 2014) (affirming denial of summary judgment because "the defendants raised a triable issue of fact as to whether the plaintiff was trying to pass the tractor-trailer on the right side, and whether he contributed to the happening of the accident"); *Matos v. Salem Truck Leasing*, 963 N.Y.S.2d 366, 368 (2d Dep't

2013) (same). As Suriel-Briton points out, there is no direct evidence that he attempted to pass Jackson on the right after Jackson had begun to back up. However, the circumstances of the accident—taken in the light most favorable to Jackson, the non-moving party—are sufficient to support an inference to that effect. As noted, Jackson estimated that the distance between the two vehicles was initially five feet and that he had backed up two feet when the accident occurred. A jury could reasonably infer that Suriel-Brito had moved forward in the interim, thereby causing (or at least contributing to) the accident.

For the foregoing reasons, Suriel-Brito's motion for summary judgment is denied. The case will proceed to trial to determine whether Jackson was negligent and, if so, whether Suriel-Brito was also negligent.

**SO ORDERED.**

      /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 17, 2022